1  Trenton H. Norris (California State Bar No. 164781)
   Sarah Esmaili (California State Bar No. 206053)
2  ARNOLD & PORTER LLP
   90 New Montgomery Street, Suite 600
3  San Francisco, CA  94105
   Telephone:  (415) 356-3000
4  Facsimile:  (415) 356-3099
   Email:  trent.norris@aporter.com
5  Email:  sarah.esmaili@aporter.com

6  Peter L. Zimroth (*pro hac vice* admission pending)
   Kent A. Yalowitz (*pro hac vice* admission pending)
7  Nancy G. Milburn (*pro hac vice* admission pending)
   ARNOLD & PORTER LLP
8  399 Park Avenue
   New York, NY  10022
9  Telephone:  (212) 715-1000
   Facsimile:  (212) 715-1399
10 Email:  peter.zimroth@aporter.com
   Email:  kent.yalowitz@aporter.com
11 Email:  nancy.milburn@aporter.com

12 Attorneys for Plaintiff
   CALIFORNIA RESTAURANT ASSOCIATION

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CALIFORNIA RESTAURANT ASSOCIATION,<br><br>                    Plaintiff,<br><br>          v.<br><br>THE COUNTY OF SANTA CLARA and THE SANTA CLARA COUNTY PUBLIC HEALTH DEPARTMENT,<br><br>                    Defendants. | Case No. 08-CV-03685 RS<br><br>**PLAINTIFF'S ADMINISTRATIVE MOTION FOR AN ORDER SETTING EXPEDITED HEARING AND BRIEFING SCHEDULE ON MOTION FOR DECLARATORY RELIEF AND A PRELIMINARY INJUNCTION AND REQUIRING FILING OF STATE COURT MOTION PAPERS**<br><br>**[Civil Local Rule 7.11]**<br><br>Complaint filed:  July 22, 2008<br>Notice of Removal filed:  August 1, 2008<br><br>The Honorable Richard Seeborg |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Civil Local Rule 7-11, Plaintiff California Restaurant Association hereby respectfully moves the Court (1) for an order setting an expedited hearing of August 20, 2008, or as soon thereafter as Counsel may be heard, as well as an expedited briefing schedule for Plaintiff's Motion for Declaratory Relief and a Preliminary Injunction ("Preliminary Injunction Motion") and (2) for an order requiring Defendants to file the Preliminary Injunction Motion, which was filed in Santa Clara County Superior Court ("Superior Court") before that action was removed to this Court, along with copies of all records and proceedings in the Superior Court file.

This motion is made following notice and conference with opposing counsel pursuant to Local Rule 7-11. *See* accompanying Declaration of Sarah Esmaili ("Esmaili Decl."). This motion is based on this notice, the accompanying memorandum of points and authorities, the Declaration of Sarah Esmaili, and the record in this matter.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**1. Procedural Posture.** On July 22, 2008, Plaintiff filed an action in Superior Court against the County of Santa Clara and the Santa Clara County Public Health Department seeking declaratory and injunctive relief to prevent enforcement of a newly promulgated ordinance, Santa Clara County Ordinance No. NS-300.793 ("Ordinance"). *California Restaurant Association v. The County of Santa Clara, et al.,* Santa Clara County Superior Court Case No. 1-08-CV-117885 ("State Court Action"). The Ordinance only applies to restaurants in the unincorporated area of Santa Clara County that have at least fourteen establishments in the State of California. The Ordinance requires that select parts of nutrition information (calories and in some cases trans fat, carbohydrates and sodium) be displayed in a precisely prescribed manner on restaurant menus.

In its Complaint, Plaintiff challenges the constitutionality of the Ordinance on four separate grounds. Plaintiff alleges that the Ordinance is preempted under the federal Nutrition Labeling and Education Act of 1990, 21 U.S.C. §§ 301, 343, 343-1, and under the California Retail Food Code,

- 1 -

1  Cal. Health & Safety Code § 113703 *et seq*.  Plaintiff also alleges that the Ordinance
2  unconstitutionally compels speech by the restaurants that are subject to the Ordinance, in violation
3  of the First Amendment of the U.S. Constitution and Article I, Section 2 of the California
4  Constitution.  The Preliminary Injunction Motion seeks to enjoin enforcement of the Ordinance
5  based on each of these constitutional grounds.

6  The Ordinance goes into effect on **September 1, 2008**.  On July 23, 2008, Plaintiff appeared
7  in the Superior Court, along with counsel for Defendants.  Plaintiff obtained on that date an order
8  from Judge Joseph Huber of the Superior Court permitting a 30-page memorandum of points and
9  authorities (instead of the usual 15-page memorandum permitted by that Court's rules).  Plaintiff
10 also obtained a hearing date of August 15, 2008, from the Clerk of the Complex Litigation Division
11 of that Court.

12 On July 24, 2008, Plaintiff filed and served on Defendants its Preliminary Injunction Motion
13 in conformity with Judge Huber's Order.  Plaintiff noticed the motion for hearing on August 15,
14 2008, in conformity with the date reserved by the Clerk of the Court.  Based on this August 15,
15 2008 hearing date, Defendants were required to file their opposition to the Preliminary Injunction
16 Motion by August 4, 2008, and Plaintiff was required to file its reply papers by August 8, 2008.
17 However, on August 1 – the last business day before their opposition brief was due – Defendants
18 removed the State Court Action.  Defendants have not filed an opposition to the Preliminary
19 Injunction Motion before or after removal.

20 Defendants have refused to stay the September 1, 2008 effective date of the Ordinance in
21 connection with the Preliminary Injunction Motion.  *See* Esmaili Decl., at ¶ 5.  Consequently,
22 Plaintiff seeks an order setting an expedited hearing and briefing schedule so that the Preliminary
23 Injunction Motion may be heard and decided before the September 1, 2008 effective date of the
24 Ordinance.  If the Preliminary Injunction Motion cannot be heard and decided before the Ordinance
25 goes into effect, Plaintiff will be required to seek a Temporary Restraining Order against
26 Defendants to stay enforcement.

27
28

- 2 -

**2. The Court Should Set an Expedited Hearing and Briefing Schedule.** Proceedings after remand are governed, in part, by 28 U.S.C. § 1450, which provides, in part, that "[a]ll injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court." As one commentator has explained: "In general, the federal court takes the case on removal exactly as the case stood in state court… Thus, if a party takes advantage of a state's expedited…procedures… by filing a…motion in state court, the federal court will evaluate the merits of the motion after removal as if the motion had originally been filed in federal court." 16 *Moore's Federal Practice* § 107.31[3] at pp. 107-190.35 to 107-190.36 (2008) (footnotes omitted).

Here, after consultation with the Defendants, and in conformance with an Order of the State Court, Plaintiff filed its Preliminary Injunction Motion and noticed the hearing for August 15, with Defendants' brief due August 4. Defendant failed to file a brief on August 4. Plaintiff now requests that the Court set the hearing on the Preliminary Injunction Motion on or as to close to August 20, 2008 as possible, which is five days later than the hearing date reserved by the Superior Court. Plaintiff also requests that this Court set a briefing schedule under which Defendants' opposition papers must be filed by August 8, 2008 and Plaintiff's reply papers must be filed by August 13, 2008. (Alternatively, Plaintiff requests that the Court set a schedule that is as close as possible to this requested schedule.) There is no prejudice to Defendants under this proposed briefing schedule because Defendants' Opposition papers were due by August 4, 2008 under the regular briefing schedule of that court.

Plaintiff requires this expedited schedule because if Plaintiff were to file the Preliminary Injunction Motion in this action and notice it for hearing under the Court's regular 35-day schedule under Local Rule 7.2, the Preliminary Injunction Motion would not be heard until <u>after</u> the Ordinance goes into effect.

**3. The Court Should Require Defendants to File in this Court All Papers Previously Filed in the Superior Court.** In order to expedite the hearing on the Preliminary Injunction Motion and to promote efficiency, Plaintiff requests that the Court invoke 28 U.S.C. § 1447(b),

- 3 -

1  which permits the Court to "require the removing party to file with its clerk copies of all records
2  and proceedings in such State court." Defendants failed to file all such papers, and should be
3  required to do so as soon as possible to permit the expeditious resolution of the Preliminary
4  Injunction Motion.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this Administrative Motion.

Respectfully submitted,                                    ARNOLD & PORTER LLP

Dated:  August 5, 2008

By:  _____/s/_____
Trenton H. Norris
Attorneys for Plaintiff
CALIFORNIA RESTAURANT
ASSOCIATION

- 4 -

## DECLARATION OF SARAH ESMAILI

I, Sarah Esmaili, hereby declare as follows:

1. I am counsel at the law firm of Arnold & Porter LLP, and am an attorney licensed to practice before all courts of the State of California and the United States District Court for the Northern District of California. I provide this declaration in support of Plaintiff's Administrative Motion for an Order Setting an Expedited Hearing and Briefing Schedule on Plaintiff's Motion for Declaratory Relief and a Preliminary Injunction and Requiring the Filing of State Court Motion Papers. I have personal knowledge of the matters stated herein. If called as a witness, I could and would competently testify to the matters stated this is declaration.

2. On July 22, 2008, Plaintiff filed its Complaint in the State Court Action. On July 23, my colleague, Trent Norris, and I appeared in the Superior Court before Judge Joseph Huber. Present for the Defendants was Jennifer Sprinkles. Mr. Norris and I presented Plaintiff's application for an order permitting Plaintiff to exceed the Superior Court's 15-page limit for a memorandum in support of the preliminary injunction. Counsel for the Defendants did not oppose the relief sought. Judge Huber granted the application to the extent of permitting a 30-page brief to be filed. Together, counsel for the Plaintiffs and counsel for the Defendants then spoke with the clerk of the complex litigation department. The Clerk reserved a hearing date of August 15, 2008 and informed counsel for all parties of that date.

3. On July 24, 2008, Plaintiff filed its Preliminary Injunction Motion, including all supporting papers, in conformance with Judge Huber's order. Plaintiff noticed a hearing on the Preliminary Injunction Motion to take place on August 15, 2008, consistent with the date provided by the Clerk of the Complex Litigation Department. Under briefing deadlines specified in the California Code of Civil Procedure, Defendants' opposition was due by August 4, 2008 and Plaintiff's reply to the opposition was due by August 8, 2008. Defendants removed the case on August 1, 2008, one business day before their brief was due. Defendants had not filed an opposition before removing the State Court Action to this Court on August 1, 2008.

- 5 -

Case No. 08-CV-03685 RS
ADMINISTRATIVE MOTION FOR ORDER SETTING EXPEDITED HEARING AND BRIEFING SCHEDULE
ON MOTION FOR PRELIMINARY INJUNCTION AND REQUIRING FILING OF STATE COURT MOTION PAPERS

4. On July 23, 2008, Jennifer Sprinkles of the Office of the Santa Clara County Counsel, Trent Norris, and I preliminarily discussed the possibility of staying enforcement of the Ordinance so that the hearing and briefing schedule of Plaintiff's Preliminary Injunction Motion could be extended. Ms. Sprinkles indicated that her office would review the matter.

5. On August 4, 2008, after the State Court Action was removed, Tamara Lange of the Office of the Santa Clara County Counsel's office contacted me. She indicated that her office would be seeking to relate this action to another action pending in this Court that was assigned to the Honorable Claudia Wilken. *California Restaurant Association v. The City and County of San Francisco, et al.,* Case No. CV-08-03247. Ms. Lange asked whether Plaintiff would stipulate to relate the actions. On August 5, 2008, I informed Ms. Lange that Plaintiff could not agree to such a stipulation because, under Local Rule 3-12(f)(1), the Court is provided a period of time not exceeding ten days to rule on the issue of relatedness. Any such potential delay would adversely impact Plaintiff's ability to have the Preliminary Injunction Motion heard very promptly before the Ordinance takes effect on September 1, 2008. Ms. Lange indicated that her office would not agree to any stay of the effective date of the Ordinance. After asking Ms. Lange whether her office would, alternatively, agree to the expedited hearing and briefing schedule sought in this Administrative Motion, Ms. Lange objected to this expedited schedule. Accordingly, the parties were unable to reach a written stipulation as to the matters they discussed.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 5th day of August, 2008, at San Francisco, California.

                                                                            /s/
                                                    Sarah Esmaili

- 6 -

Case No. 08-CV-03685 RS
ADMINISTRATIVE MOTION FOR ORDER SETTING EXPEDITED HEARING AND BRIEFING SCHEDULE
ON MOTION FOR PRELIMINARY INJUNCTION AND REQUIRING FILING OF STATE COURT MOTION PAPERS

1  Trenton H. Norris (California State Bar No. 164781)
   Sarah Esmaili (California State Bar No. 206053)
2  ARNOLD & PORTER LLP
   90 New Montgomery Street, Suite 600
3  San Francisco, CA  94105
   Telephone:  (415) 356-3000
4  Facsimile:  (415) 356-3099
   Email:  trent.norris@aporter.com
5  Email:  sarah.esmaili@aporter.com

6  Peter L. Zimroth (*pro hac vice* admission pending)
   Kent A. Yalowitz (*pro hac vice* admission pending)
7  Nancy G. Milburn (*pro hac vice* admission pending)
   ARNOLD & PORTER LLP
8  399 Park Avenue
   New York, NY  10022
9  Telephone:  (212) 715-1000
   Facsimile:  (212) 715-1399
10 Email:  peter.zimroth@aporter.com
   Email:  kent.yalowitz@aporter.com
11 Email:  nancy.milburn@aporter.com

12 Attorneys for Plaintiff
   CALIFORNIA RESTAURANT ASSOCIATION

13
                       **UNITED STATES DISTRICT COURT**
14
                       **NORTHERN DISTRICT OF CALIFORNIA**
15

| | |
|---|---|
| CALIFORNIA RESTAURANT ASSOCIATION,<br><br>          Plaintiff,<br><br>   v.<br><br>THE COUNTY OF SANTA CLARA and THE SANTA CLARA COUNTY PUBLIC HEALTH DEPARTMENT,<br><br>          Defendants. | Case No. 08-CV-03685 RS<br><br>**[PROPOSED] ORDER GRANTING ADMINISTRATIVE MOTION FOR AN ORDER SETTING EXPEDITED HEARING AND BRIEFING SCHEDULE ON MOTION FOR DECLARATORY RELIEF AND A PRELIMINARY INJUNCTION AND REQUIRING FILING OF STATE COURT MOTION PAPERS**<br><br>**[Civil Local Rule 7.11]**<br><br>Complaint filed:  July 22, 2008<br>Notice of Removal filed:  August 1, 2008<br><br>The Honorable Richard Seeborg |

Proposed Order re Administrative motion--Santa Clara_(LA_508175_1).DOC

1  Having considered Plaintiff California Restaurant Association's Administrative Motion for an Order Setting an Expedited Hearing and Briefing Schedule on Plaintiff's Motion for Declaratory Relief and a Preliminary Injunction ("Preliminary Injunction Motion") and Requiring the Filing of State Court Motion Papers, and all other supporting and opposing arguments and papers, and finding good cause,

**IT IS HEREBY ORDERED:**

Plaintiff's Administrative Motion is **GRANTED**.  The hearing on Plaintiff's Preliminary Injunction Motion shall be heard on August 20, 2008 at 9:30 a.m.  Defendants' opposition to the Preliminary Injunction Motion must be filed by August 8, 2008.  Plaintiff's Reply to Defendants' opposition to the Preliminary Injunction Motion must be filed by August 13, 2008.

The Preliminary Injunction Motion, including the supporting papers, which were filed in the removed State Court action, *California Restaurant Association v. The County of Santa Clara, et al.,* Santa Clara County Superior Court Case No. 1-08-CV-117885 ("State Court Action"), is hereby deemed to have been filed in this action and is a record of this case.  In accordance with 28 U.S.C. § 1447(b), Defendants shall file a copy of those papers promptly upon entry of this order.

As permitted by order of the Superior Court in the State Court Action, Defendants' Memorandum of Points and Authorities in Support of an Opposition to the Preliminary Injunction Motion, like the Memorandum of Points and Authorities in Support of Plaintiff's Preliminary Injunction Motion filed in the State Court Action, may not exceed 30 pages in length.


Dated: _____

_____
UNITED STATES DISTRICT COURT JUDGE

- 1 -

Case No. 08-CV-03685 RS
[PROPOSED] ORDER SETTING EXPEDITED HEARING AND BRIEFING SCHEDULE ON MOTION FOR
PRELIMINARY INJUNCTION AND REQUIRING FILING OF STATE COURT MOTION PAPERS