ANN MILLER RAVEL, County Counsel (S.B. #62139)
MIGUEL MARQUEZ, Assistant County Counsel (S.B. #184621)
TAMARA LANGE, Lead Deputy County Counsel (S.B. #177949)
OFFICE OF THE COUNTY COUNSEL
70 West Hedding Street, East Wing, Ninth Floor
San Jose, California 95110-1770
Telephone: (408) 299-5900
Facsimile: (408) 292-7240

Attorneys for Defendants
COUNTY OF SANTA CLARA and SANTA
CLARA COUNTY PUBLIC HEALTH
DEPARTMENT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CALIFORNIA RESTAURANT ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>THE COUNTY OF SANTA CLARA and THE SANTA CLARA COUNTY PUBLIC HEALTH DEPARTMENT,<br><br>Defendants. | No. C 08-03685 JF<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S ADMINISTRATIVE MOTION FOR AN ORDER SETTING EXPEDITED HEARING AND BRIEFING SCHEDULE ON MOTION FOR DECLARATORY RELIEF AND A PRELIMINARY INJUNCTION AND REQUIRING FILING OF STATE COURT MOTION PAPERS**<br><br>Complaint filed: July 22, 2008<br>Notice of Removal filed: August 1, 2008<br><br>The Honorable Jeremy Fogel |

The California Restaurant Association (CRA) seeks an expedited hearing schedule on its motion for a preliminary injunction barring enforcement of Defendants' menu labeling ordinance (Ordinance). CRA's administrative motion for an expedited briefing schedule should be denied for two reasons. First, a motion to relate this case to CRA's nearly-identical action challenging San Francisco's menu labeling ordinance is pending before Judge Wilken in the Oakland Division. Denying CRA's administrative motion will allow CRA's challenges to the Santa Clara County and San Francisco ordinances to be heard and decided together on a

schedule established by Judge Wilken. Second, CRA has requested an unreasonable briefing schedule that would require Defendants' opposition to be filed today and that is predicated on erroneous assertions that Defendants had agreed upon an expedited briefing schedule in state court and that Defendants have "refused" to delay enforcement of the Ordinance.

CRA's motion to require Defendants to file of the remainder of CRA's state court motion papers should be denied as moot because, although CRA has never asked Defendants to file the voluminous state court record, Defendants will agree to do so.

### A. PLAINTIFF'S FORUM SHOPPING IS PREVENTING EFFECTIVE SCHEDULING AND CONSIDERATION OF ITS MOTION

Defendants Santa Clara County and the Santa Clara County Public Health Department removed this action to federal court on August 1, 2008, six business days after CRA filed its preliminary injunction motion in state court. As required by 28 U.S.C. § 1441, Defendants removed "to the . . . division embracing the place where such action is pending[.]" On the following business day, Defendants sought CRA's stipulation to relate this action to *California Restaurant Association v. The City and County of San Francisco and The San Francisco Department of Public Health*, Case No. CV-08-3247 CW, now pending before Judge Wilken. Although CRA has now filed a non-opposition to Defendants' motion to relate the two cases, Declaration of Tamara Lange (Lange Decl.) at ¶ 7, Exh. C, CRA originally refused to stipulate to relation of the cases. Declaration of Sarah Esmaili at ¶ 5. By requiring Defendants to go through the process of removing this case to federal court and then refusing to stipulate to relation to CRA's parallel case in the Oakland Division, CRA has forced Defendants to expend valuable time on several procedural motions.

Although CRA's motion suggests otherwise, Defendants never "agreed" to file their opposition in state court on August 4th, a mere 11 days after accepting service of the preliminary injunction motion. Sprinkles Decl. at ¶¶ 2-6. Had Defendants elected to proceed in state court, they could and would have requested additional time to file an opposition to the preliminary injunction motion. Such an application made little sense, however, once Santa Clara decided to remove the case. It was particularly inappropriate to file such a request when the Santa Clara

Superior Court had not even determined at the time of removal whether the case would remain on the Complex Civil Calendar.

CRA purports to need an expedited briefing schedule because Defendants "have refused to stay the September 1, 2008 effective date of the Ordinance." Plaintiff's Administrative Motion at 2. This is inaccurate. Actually, the press of time CRA now feels is a direct result of its own forum-shopping tactics. After testifying against the Ordinance on June 3, 2008, at the same hearing at which the Santa Clara County Board of Supervisors first voted 5-0 to adopt the Ordinance, Declaration of Jennifer Sprinkles (Sprinkles Decl.) at ¶ 7, CRA delayed filing this lawsuit for over seven weeks – and then filed in state court just five weeks before the Ordinance is scheduled to take effect.[1]

CRA now wants Defendants either to agree to a briefing schedule that would prejudice their defense or to delay enforcement of the Ordinance. CRA and its counterpart, the New York State Restaurant Association (NYSRA) have used the same tactics in the other two menu labeling cases now pending in federal courts. Their strategy involves trying to force the few public entities that have adopted menu labeling ordinances either to delay the effective dates of their new laws pending resolution of their preliminary injunction motions or to file opposition papers on a schedule more typical of proceedings on an application for a temporary restraining order. For example, although New York City's menu labeling regulation, Health Code § 81.50, was enacted on December 5, 2006 and was the subject of substantial local and national press, NYSRA waited over six months, until June 15, 2007, to challenge the law, which was scheduled to take effect on July 1, 2007.[2]

Similarly, San Francisco's menu labeling ordinance, Ordinance 40-08, was signed into law on March 24, 2008. Although CRA testified at legislative hearings before San Francisco's ordinance was adopted, CRA waited over three months, until July 3rd, to challenge the law,

---

[1] At the required second reading of the Ordinance on June 24, 2008, the Board again voted 5-0 in favor of requiring menu labeling by chain restaurants.

[2] *See* Summary of New York City litigation at: http://www.nyc.gov/html/doh/html/cdp/cdp_pan-calorieupdate.shtml.

1  which was scheduled to take effect on September 20th. Sprinkles Decl., ¶ 7. CRA then sought a
2  delay in the effective date as a condition of its agreement to provide San Francisco with
3  additional time to oppose the motion for preliminary injunction. Lange Decl., ¶ 2-3.
4      Imposing the sort of abbreviated schedule Plaintiff has requested would hamstring the
5  Defendants. As Defendants have explained, Santa Clara County Public Health Director Martin
6  Fenstersheib, M.D. is out of the office until August 11, 2008 and will not be available until his
7  return to provide the substantive factual and medical information essential to his expert
8  declaration in support of Defendants' opposition to CRA's motion for a preliminary injunction.
9  Lange Decl., ¶ 4. Given the number and complexity of the claims at issue on the preliminary
10 injunction motion, and the unavailability of the County's Public Health Director, Defendants
11 need time to complete effective opposition papers. Defendants respectfully submit that the
12 briefing and hearing schedule for CRA's motion should be set by Judge Wilken, as it would
13 have been had CRA not sought to avoid coordinated consideration of the San Francisco and
14 Santa Clara County menu labeling ordinances.

**B.  DEFENDANTS WILL AGREE TO RE-FILE IN THIS COURT THE REMAINDER OF CRA'S SUPPORTING PAPERS ORIGINALLY FILED IN STATE COURT**

17     In their removal papers, Defendants included CRA's preliminary injunction motion and
18 memorandum of points and authorities and requested pursuant to 28 U.S.C. § 1447(b) that the
19 Court issue a writ to obtain the complete file from the state court. CRA has never informed
20 Defendants that they objected to that request, nor has CRA asked Defendants to re-file in the
21 federal proceeding CRA's supporting papers in the state court action. Having determined that it
22 is possible for Defendants to re-file here the voluminous supporting papers CRA e-filed in state
23 court (rather than going through the laborious process of scanning them first), Defendants will
24 agree to file the remaining papers and to withdraw their request pursuant to 28 U.S.C. §
25 / / /
26 / / /
27 / / /
28 / / /

1447(b). CRA's administrative motion to require Defendants to file CRA's papers should therefore be denied as moot.

Dated: August 8 2008

Respectfully submitted,

ANN MILLER RAVEL
County Counsel

By: _____/S/_____
TAMARA LANGE
Lead Deputy County Counsel

Attorneys for Defendants
COUNTY OF SANTA CLARA and
SANTA CLARA COUNTY PUBLIC
HEALTH DEPARTMENT

138433.wpd