ANN MILLER RAVEL, County Counsel (S.B. #62139)
MIGUEL MARQUEZ, Assistant County Counsel (S.B. #184621)
TAMARA LANGE, Lead Deputy County Counsel (S.B. #177949)
OFFICE OF THE COUNTY COUNSEL
70 West Hedding Street, East Wing, Ninth Floor
San Jose, California 95110-1770
Telephone: (408) 299-5900
Facsimile: (408) 292-7240

Attorneys for Defendants
COUNTY OF SANTA CLARA and SANTA
CLARA COUNTY PUBLIC HEALTH
DEPARTMENT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CALIFORNIA RESTAURANT ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>THE COUNTY OF SANTA CLARA and THE SANTA CLARA COUNTY PUBLIC HEALTH DEPARTMENT,<br><br>Defendants. | No. C 08-03685 JF<br><br>**DECLARATION OF TAMARA LANGE IN SUPPORT OF OPPOSITION TO ADMINISTRATIVE MOTION FOR EXPEDITED BRIEFING**<br><br>Complaint filed: July 22, 2008<br>Notice of Removal filed: August 1, 2008<br><br>The Honorable Jeremy Fogel |

I, TAMARA LANGE, do declare that:

I have personal knowledge of all of the matters stated herein and could testify truthfully thereto if called to testify.

1. I am a Lead Deputy County Counsel with the Office of the County Counsel for the County of Santa Clara and am licensed to practice in all the courts of the State of California.

2. On August 4, 2008, I spoke with Sarah Esmaili of Arnold & Porter LLP, counsel for Plaintiff California Restaurant Association (CRA). I asked whether CRA would stipulate to a proposed order relating the cases. Ms. Esmaili asked in that conversation whether the County of Santa Clara would agree to delay the September 1, 2008 effective date of Santa Clara County

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Declaration of Tamara Lange in
Support of Opposition to Administrative
Motion for Expedited Briefing         1         C 08-03685 JF

Ordinance No. NS-300.793 (the Ordinance). I explained that only the Board of Supervisors (Board) can delay the effective date of duly-enacted local laws, including the Ordinance, and that the Board was not scheduled to meet again until August 11- 12, 2008.

3. In a further conversation on August 5, 2008, Ms. Esmaili informed me that CRA would be unable to stipulate to relation of the two cases because doing so would create a 10-day period for decision on the motion to relate, which could in turn delay CRA's ability to obtain a Court order setting an expedited briefing schedule on their motion for a preliminary injunction. Ms. Esmaili reiterated that CRA would require that Defendants agree to a delay in the effective date as a condition of its agreement to provide San Francisco with additional time to oppose the motion for preliminary injunction.

4. In that same conversation on August 5, 2008, I explained to Ms. Esmaili that, given the voluminous material submitted in support of their motion and the very recent filing of the litigation, to prepare effectively to file opposition papers, I would need substantially more time than the three days CRA proposed in their briefing schedule. I further explained that Public Health Director Martin Fenstersheib, M.D. is out of the office until August 11, 2008 and will not be available to provide the substantive factual and medical information essential to his expert declaration in support of Defendants' opposition to CRA's motion for a preliminary injunction.

5. Attached hereto as Exhibit A is the Santa Clara County Board of Supervisors Closed Session Agenda for August 11, 2008.

6. Attached hereto as Exhibit B is the Stipulation and Order Regarding Page Limits And Briefing Schedule Regarding Plaintiff's Motion for Declaratory Relief and a Preliminary Injunction, and a Stay of Enforcement filed in Case No. C-08-3247 CW.

///
///
///
///
///

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Declaration of Tamara Lange in
Support of Opposition to Administrative
Motion for Expedited Briefing                    2                    C 08-03685 JF

7. Attached hereto as Exhibit C is Plaintiff's Statement of Non-Opposition to Defendants' Administrative Motion to Consider Whether Cases Should Be Related, filed in Case No. C-08-3247 CW.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at San Jose, California on August 8, 2008.

_____
TAMARA LANGE

138726.wpd

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Declaration of Tamara Lange in
Support of Opposition to Administrative
Motion for Expedited Briefing        3        C 08-03685 JF

## BOARD OF SUPERVISORS CLOSED SESSION AGENDA

**County Government Center**
**10th Floor Conference Room**
**70 West Hedding Street**
**Monday, August 11, 2008**

**2:00 p.m.**

---

The Board will meet in open and public session to identify the real property Negotiators for Item No. 3 and its Designated Representatives for Item Nos. 5, 6 and 7.

1. Personnel (Government Code Section 54957):
   It is the intention of the Board to meet in Closed Session to consider:

   Employee Evaluations
       Chief of Correction
       Clerk of the Board
       County Counsel
       County Executive
       Director, Child Support Services
       Public Defender

2. Pending Litigation (Government Code Section 54956.9(a)):
   It is the intention of the Board to meet in Closed Session to confer with Legal Counsel regarding three items of existing litigation.

   A. Melanie and John Godby v. County of Santa Clara
   Santa Clara County Superior Court Case No. 1-07-CV-096603

   B. California Restaurant Association v. County of Santa Clara, et al.
   U.S. District Court, Northern District of California, Case No. C08-03685 RS

   C. County of Santa Clara, et al. v. Atlantic Richfield Company, et al.
   California Supreme Court Case No. S163681

3. Real Property Negotiations (Government Code Section 54956.8):
   It is the intention of the Board to meet in Closed Session to confer with its Real Property Negotiators concerning:

   The price and terms of payment for the possible sale of real property located at 2500 Senter Road, San Jose (APN 497-41-098). The negotiator for the County is Patrick Love, Asset and Economic Development Director. The negotiator for Charities Housing is Chris Block, Executive Director.



Closed Session Agenda
August 11, 2008
Page 2

4.  <u>Threat to Public Services or Facilities</u> (Government Code Section 54957):
    It is the intention of the Board to meet in Closed Session regarding the security of public buildings, essential public services, or the public's right of access to public services or public facilities.

5.  <u>Conference with Labor Negotiators</u> (Government Code Section 54957.6):
    It is the intention of the Board to meet in Closed Session to confer with its Designated Representatives:

    <u>Designated Representative's Name:</u> Luke Leung

    Local 20, IFPTE, Engineers and Scientists (ESC)
    Local 21, IFPTE, Engineers and Architects (E&A)
    Local 521, SEIU
    Local 1587, AFSCME, Probation Peace Officers Union
    Administrative Confidential Employees (ACE)
    Building Trades Council (BTC)
    Committee of Interns and Residents (CIR/SEIU)
    Correctional Peace Officers Association (CPOA)
    County Counsel Attorneys Association (CCAA)
    County Employees Management Association (CEMA)
    Deputy Sheriffs' Association (DSA)
    District Attorneys Investigators Association (DAIA)
    Government Attorneys Association (GAA)
    Park Rangers Association
    Registered Nurses Professional Association (RNPA)
    Union of American Physicians and Dentists (UAPD)
    Unrepresented Executive Management

    **For the following item, the Board will meet as the Governing Board of the In Home Supportive Services (IHSS) Public Authority.**

6.  <u>Conference with Labor Negotiators</u> (Government Code Section 54957.6):
    It is the intention of the Board to meet in Closed Session to confer with its Designated Representatives concerning the following:

    <u>Designated Representative's Name:</u> Luke Leung
    Local 521, SEIU

    **For the following item, the Board will meet as the Board of Directors for the Santa Clara County Central Fire Protection District.**

7.  <u>Conference with Labor Negotiators</u> (Government Code Section 54957.6):
    It is the intention of the Board to meet in Closed Session to confer with its Designated Representatives concerning the following:

    <u>Designated Representative's Name:</u> Luke Leung
    Local 1165, International Association of Fire Fighters (IAFF)

1  Trenton H. Norris (California State Bar No. 164781)
   Sarah Esmaili (California State Bar No. 206053)
2  ARNOLD & PORTER LLP
   90 New Montgomery Street, Suite 600
3  San Francisco, CA 94105
   Telephone: (415) 356-3000
4  Facsimile: (415) 356-3099
   Email: trent.norris@aporter.com
5  Email: sarah.esmaili@aporter.com

6  Peter L. Zimroth (*pro hac vice* admission pending)
   Kent A. Yalowitz (*pro hac vice* admission pending)
7  Nancy G. Milburn (*pro hac vice* admission pending)
   ARNOLD & PORTER LLP
8  399 Park Avenue
   New York, NY 10022
9  Telephone: (212) 715-1000
   Facsimile: (212) 715-1399
10 Email: peter.zimroth@aporter.com
   Email: kent.yalowitz@aporter.com
11 Email: nancy.milburn@aporter.com

12 Attorneys for Plaintiff
   CALIFORNIA RESTAURANT ASSOCIATION
13

14                  UNITED STATES DISTRICT COURT

15                 NORTHERN DISTRICT OF CALIFORNIA

16 _____         C-08-3247 CW
                                          )   Case No. _____
17 CALIFORNIA RESTAURANT                  )
   ASSOCIATION,                           )
18                                        )   STIPULATION AND ORDER
                     Plaintiff,           )   REGARDING PAGE LIMITS AND
19                                        )   BRIEFING SCHEDULE REGARDING
              v.                          )   PLAINTIFF'S MOTION FOR
20                                        )   DECLARATORY RELIEF AND A
   THE CITY AND COUNTY OF SAN             )   PRELIMINARY INJUNCTION, AND
21 FRANCISCO and THE SAN FRANCISCO        )   REGARDING STAY OF
   DEPARTMENT OF PUBLIC HEALTH,           )   ENFORCEMENT
22                                        )
                     Defendants.          )   (Civil Local Rule 7.11)
23                                        )
   _____

24

25

26

27                                                    **EXHIBIT B**

28

Stipulation and [Proposed] Order Regarding Page Limits and Briefing Schedule Regarding Plaintiff's Motion for Declaratory Re

STIPULATION AND [PROPOSED] ORDER REGARDING PAGE LIMITS FOR
PLAINTIFF'S MOTION FOR DECLARATORY RELIEF AND A PRELIMINARY INJUNCTION

1                           **STIPULATION**

2      WHEREAS, Plaintiff California Restaurant Association filed a Complaint against the City
3  and County of San Francisco and the San Francisco Department of Public Health (collectively,
4  "Defendants") alleging that Ordinance 40-08 ("Ordinance") violates the U.S. and California
5  Constitutions;

6      WHEREAS, the Ordinance amends San Francisco Health Code sections 468-468.8 to
7  require restaurants with twenty or more establishments in the State of California to make statements
8  showing certain nutritional information on menu boards and menus in manner prescribed by the
9  Ordinance;

10     WHEREAS, Plaintiff alleges that the Ordinance is preempted under federal and state law
11 and that the Ordinance unconstitutionally compels speech by the restaurants subject to the
12 Ordinance;

13     WHEREAS, Plaintiff has brought a Motion for Declaratory Relief and a Preliminary
14 Injunction ("Motion") in this action to enjoin the San Francisco Department of Public Health from
15 enforcing the Ordinance;

16     WHEREAS, certain nutritional disclosure requirements begin to take effect under the
17 Ordinance on August 23, 2008 ("Disclosure Requirements");

18     WHEREAS, a proposed amendment to the Ordinance is pending that would, among other
19 things, postpone the operative date of these Disclosure Requirements to September 20, 2008;

20     WHEREAS, in light of the proposed amendment to the Ordinance, Defendant San Francisco
21 Department of Public Health has stated that it will not enforce these Disclosure Requirements until
22 September 20, 2008;

23     WHEREAS, the Parties have agreed that, subject to Court approval of this Stipulation,
24 Plaintiff's Motion would be noticed at least 63 days before the hearing date, Defendants' opposition
25 papers would be due no less than 35 days before the hearing date, and Plaintiff's reply to the
26 opposition papers would be due no less than 14 days before the hearing date;

27
28
                                          - 1 -
STIPULATION AND [PROPOSED] ORDER REGARDING PAGE LIMITS AND BRIEFING REGARDING MOTION FOR
DECLARATORY RELIEF AND A PRELIMINARY INJUNCTION, AND REGARDING STAY OF ENFORCEMENT

1  WHEREAS, Defendants have agreed to postpone the operative date of the Disclosure
2  Requirements until October 14, 2008;
3  WHEREAS, Civil Local Rule 7-2(b) provides for a twenty-five (25) page limit on any
4  motion and supporting memorandum of points and authorities filed in this action;
5  WHEREAS, Civil Local Rule 7-3(c) provides for a twenty-five (25) page limit on any
6  opposition to any motion filed in this action;
7  WHEREAS, given the complexity of the constitutional issues raised in the action and in the
8  Motion, Plaintiff and Defendants believe that it is appropriate, subject to Court approval, for the
9  Motion and supporting memorandum of points and authorities and the Opposition to the Motion to
10 exceed the twenty-five (25) page limit such that they are each no more than thirty-five (35) pages in
11 length; and
12 WHEREAS, Plaintiff and Defendants agree that this stipulation is without prejudice as to
13 any party's right to seek further or additional relief as to matters addressed herein;
14 IT IS HEREBY STIPULATED AND AGREED, by and among Plaintiff and Defendants,
15 subject to approval of the Court, that:
16    1.   Plaintiff's Motion (including the supporting memorandum of points and authorities)
17 may exceed the twenty-five (25) page limit imposed by Civil Local Rule 7-2(b), but may not exceed
18 a total of thirty-five (35) pages, exclusive of the caption page, table of contents, table of authorities,
19 declarations, and exhibits.
20    2.   Defendants' opposition to the Motion may exceed the twenty-five (25) page limit
21 imposed by Civil Local Rule 7-3(c), but may not exceed a total of thirty-five (35) pages, exclusive
22 of the caption page, table of contents, table of authorities, declarations, and exhibits.
23    3.   Plaintiff's Motion shall be noticed for hearing on a date that is no less than 63 days
24 after the Motion is filed and served.
25    4.   Defendants' opposition to the Motion shall be filed and served not less than 35 days
26 before the hearing date.

5. Plaintiff's reply to Defendants' Opposition to the Motion shall be filed and served not less than 14 days before the hearing date.

6. The operative date of the Ordinance shall be stayed until October 14, 2008 without prejudice as to Plaintiff's right to seek a further stay and Defendants' right to oppose any further stay.

**SO STIPULATED:**

Dated: July __, 2008           ARNOLD & PORTER LLP


By: _____
       Trenton H. Norris
      Attorneys for Plaintiff
CALIFORNIA RESTAURANT ASSOCIATION


Dated: July __, 2008           DENNIS J. HERRERA
City Attorney
FRANCESCA GESSNER
Deputy City Attorney


By: _____
      Francesca Gessner
       Tara Steeley
    Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO
AND SAN FRANCISCO DEPARTMENT OF
PUBLIC HEALTH

- 3 -

STIPULATION AND [PROPOSED] ORDER REGARDING PAGE LIMITS AND BRIEFING REGARDING MOTION FOR
DECLARATORY RELIEF AND A PRELIMINARY INJUNCTION, AND REGARDING STAY OF ENFORCEMENT

Case 4:08-cv-03685-CW   Document 10   Filed 08/08/2008   Page 10 of 14
Case 4:08-cv-03247-CW   Document 23   Filed 07/23/2008   Page 5 of 5

1  **PURSUANT TO THE STIPULATION, IT IS SO ORDERED:**

2        7/23/08

3  Dated: _____

4

5                                   */s/ Claudia Wilken*

6                           UNITED STATES DISTRICT COURT JUDGE

7

8

...

28

- 4 -

STIPULATION AND [PROPOSED] ORDER REGARDING PAGE LIMITS AND BRIEFING REGARDING MOTION FOR
DECLARATORY RELIEF AND A PRELIMINARY INJUNCTION, AND REGARDING STAY OF ENFORCEMENT

1  Trenton H. Norris (California State Bar No. 164781)
   Sarah Esmaili (California State Bar No. 206053)
2  ARNOLD & PORTER LLP
   90 New Montgomery Street, Suite 600
3  San Francisco, CA  94105
   Telephone:  (415) 356-3000
4  Facsimile:  (415) 356-3099
   Email:  trent.norris@aporter.com
5  Email:  sarah.esmaili@aporter.com

6  Peter L. Zimroth (*pro hac vice* admission pending)
   Kent A. Yalowitz (*pro hac vice* admission pending)
7  Nancy G. Milburn (*pro hac vice* admission pending)
   ARNOLD & PORTER LLP
8  399 Park Avenue
   New York, NY  10022
9  Telephone:  (212) 715-1000
   Facsimile:  (212) 715-1399
10 Email:  peter.zimroth@aporter.com
   Email:  kent.yalowitz@aporter.com
11 Email:  nancy.milburn@aporter.com

12 Attorneys for Plaintiff
   CALIFORNIA RESTAURANT ASSOCIATION
13

14                 UNITED STATES DISTRICT COURT

15                NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA RESTAURANT ASSOCIATION,<br><br>              Plaintiff,<br><br>        v.<br><br>THE CITY AND COUNTY OF SAN FRANCISCO and THE SAN FRANCISCO OF DEPARTMENT OF PUBLIC HEALTH,<br><br>              Defendants. | Case No. 08-CV-03247 CW<br><br>**PLAINTIFF CALIFORNIA RESTAURANT ASSOCIATION'S STATEMENT OF NON-OPPOSITION TO DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>The Honorable Claudia Wilken |
| CALIFORNIA RESTAURANT ASSOCIATION,<br><br>              Plaintiff,<br><br>        v.<br><br>THE COUNTY OF SANTA CLARA and THE SANTA CLARA COUNTY PUBLIC HEALTH DEPARTMENT,<br><br>              Defendants. | Case No. 08-CV-03685 RS<br><br>*Reassignment to a United States District Court Judge pending* |

508662_1.DOC

**EXHIBIT C**

---
Case No. CV-08-03247
PLAINTIFF CALIFORNIA RESTAURANT ASSOCIATION'S STATEMENT OF NON-OPPOSITION

1  Plaintiff California Restaurant Association respectfully submits this statement of non-opposition in response to Defendants County of Santa Clara and the Santa Clara County Public Health Department's Motion To Consider Whether Cases Should Be Related. Although Plaintiff does not believe the cases are related, it does not oppose reassignment, and writes to inform the Court of its need for an expedited hearing date and briefing schedule in *California Restaurant Association v. The County of Santa Clara, et al.*, Case No. 08-CV-03685 RS (the "*Santa Clara County* case") on its Motion for Declaratory Relief and a Preliminary Injunction ("Preliminary Injunction Motion") for the reasons stated below.

The Complaint against Defendants that is currently pending in the *Santa Clara County* case arises out of an action that Plaintiff filed in the Santa Clara County Superior Court ("Superior Court"). On July 22, 2008, Plaintiff filed the Superior Court action seeking declaratory and injunctive relief to prevent enforcement of a newly promulgated ordinance, Santa Clara County Ordinance No. NS-300.793 (the "Ordinance"), which requires certain chain restaurants to display select parts of nutrition information (calories and in some cases transfat, carbohydrates and sodium) in a precisely described manner on restaurant menus. The Ordinance was passed on June 24, 2008, and goes into effect on September 1, 2008. On July 23, 2008, Plaintiff appeared in the Superior Court, along with counsel for Defendants. Plaintiff obtained on that date a hearing date of August 15, 2008 from the Clerk of the Complex Litigation Division of that Court. Based on this August 15, 2008 hearing date, Defendants were required to file their opposition papers to the Preliminary Injunction Motion by August 4, 2008, and Plaintiff was required to file its reply papers by August 8, 2008. However, on August 1 – the last business day before their opposition brief was due – Defendants removed the action from the Superior Court. The removed case was assigned to Magistrate Judge Richard Seeborg in the Northern District of California, San Jose Division. Defendants have not filed an opposition to the Preliminary Injunction Motion before or since removal.

Defendants have refused to stay the September 1, 2008 effective date of the Ordinance. Consequently, on August 6, 2008, Plaintiff filed an Administrative Motion before Magistrate Judge

1  Seeborg, seeking an expedited hearing and briefing schedule so that its Preliminary Injunction

2  Motion could be heard and decided before the September 1 effective date of the Ordinance. A copy

3  of that Administrative Motion and the Proposed Order Granting that Administrative Motion are

4  attached as Exhibits 1 and 2, respectively. However, on August 7, 2008, Defendants filed a

5  Declination To Proceed before a Magistrate Judge and Request for Reassignment to a United States

6  District Judge. To Plaintiff's knowledge, the *Santa Clara County* case has not yet been reassigned

7  to a United States District Court Judge.

8      On August 6, 2008, Defendants filed their administrative motion seeking to relate the *Santa*

9  *Clara County* case, Case No. 08-CV-03685, to *California Restaurant Association v. The City and*

10  *County of San Francisco, et al.*, Case No. 08-CV-3247 CW. Local Civil Rule 3-12 provides:

11      An action is related to another when:

12      (1) The actions concern substantially the same parties, property, transaction or event; and

13

14      (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges.

15

16  Although the cases involve different defendants and different ordinances, Plaintiff agrees that there

17  are judicial economies in having the cases consolidated before a single judge and therefore do not

18  oppose reassignment under Paragraph E.4 of General Order No. 44. However, Plaintiff writes to

19  bring to this Court's attention its need for an expedited hearing and briefing schedule in the *Santa*

20  *Clara County* case (Case No. 08-CV-03685) in light of the September 1 effective date of the Santa

21  Clara Ordinance, and the *Santa Clara County* defendants' unwillingness to agree to a stay.

22      Given Defendants' (1) removal of this case on the eve of the due date of their opposition to

23  the Preliminary Injunction Motion, (2) refusal to agree to a stay of the hearing date and briefing

24  schedule proposed by Plaintiff in its Administrative Motion, and (3) declination of consent to have

25  the case heard before Magistrate Judge Seeborg, Defendants have placed this case in a posture

26  where Plaintiff is unable to have its Preliminary Injunction Motion scheduled for briefing and a

27  hearing on the expedited schedule it requires. In their Declination To Proceed Before a Magistrate

28

- 3 -

1  Judge, Defendants state that Plaintiff's Motion for Declaratory Relief and a Preliminary Injunction
2  in *California Restaurant Association v. City and County of San Francisco* (Case No. 08-CV-03247
3  CW) is set for a hearing on September 4, 2008. That date was agreed upon by the parties in that
4  case because the City and County of San Francisco agreed to stay the effective date of its ordinance
5  until October 14, 2008. A September 4 hearing date for the Preliminary Injunction Motion in the
6  *Santa Clara County* case would mean that the motion would not be heard – let alone decided –until
7  <u>after</u> the Ordinance went into effect and the Plaintiffs' members were denied their constitutional
8  rights. Such a schedule not only would infringe on constitutional rights of the most serious nature,
9  it would also deny Plaintiff and its members their right of meaningful access to the Courts, after
10 Plaintiff has made every effort to obtain a prompt hearing date and expedited briefing schedule.

## CONCLUSION

For the reasons stated herein, Plaintiff does not oppose Defendants' administrative motion. If the *Santa Clara County* case is related to Case No. 08-CV-03247 CW, Plaintiff believes it is appropriate for the Court to order an expedited briefing and hearing schedule on the Preliminary Injunction Motion that is consistent with what Plaintiff has requested in the *Santa Clara County* case.

Dated: August 7, 2008                ARNOLD & PORTER LLP

                                     By:      /s/
                                           Trenton H. Norris
                                           Attorneys for Plaintiff
                                           CALIFORNIA RESTAURANT
                                           ASSOCIATION