Trenton H. Norris (California State Bar No. 164781)
Sarah Esmaili (California State Bar No. 206053)
ARNOLD & PORTER LLP
90 New Montgomery Street, Suite 600
San Francisco, CA  94105
Telephone:  (415) 356-3000
Facsimile:  (415) 356-3099
Email:  trent.norris@aporter.com
Email:  sarah.esmaili@aporter.com

Peter L. Zimroth (*pro hac vice* admission pending)
Kent A. Yalowitz (*pro hac vice* admission pending)
Nancy G. Milburn (*pro hac vice* admission pending)
ARNOLD & PORTER LLP
399 Park Avenue
New York, NY  10022
Telephone:  (212) 715-1000
Facsimile:  (212) 715-1399
Email:  peter.zimroth@aporter.com
Email:  kent.yalowitz@aporter.com
Email:  nancy.milburn@aporter.com

Attorneys for Plaintiff
CALIFORNIA RESTAURANT ASSOCIATION

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

|  |  |
|---|---|
| CALIFORNIA RESTAURANT ASSOCIATION,<br><br>             Plaintiff,<br><br>      v.<br><br>THE COUNTY OF SANTA CLARA and THE SANTA CLARA COUNTY PUBLIC HEALTH DEPARTMENT,<br><br>             Defendants. | Case No. 08-CV-03685 RS<br><br>*Reassignment to a United States District Court Judge Pending*<br><br>**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO ADMINISTRATIVE MOTION FOR AN ORDER SETTING EXPEDITED HEARING AND BRIEFING SCHEDULE ON MOTION FOR DECLARATORY RELIEF AND A PRELIMINARY INJUNCTION AND REQUIRING FILING OF STATE COURT MOTION PAPERS**<br><br>**[Civil Local Rule 7.11]**<br><br>Complaint filed:  July 22, 2008<br>Notice of Removal filed:  August 1, 2008 |

1    Plaintiff California Restaurant Association ("CRA") files this brief reply in order to

2  respond to Defendant County of Santa Clara's ("County's") allegations of strategic delay and forum

3  shopping contained in Defendants' August 8, 2008 Opposition to Plaintiff's Administrative Motion

4  for an Order Setting Expedited Hearing and Briefing Schedule on Motion for Declaratory Relief

5  and a Preliminary Injunction.

6    <u>The Allegation of Delay</u>.  As noted on nearly the last line of the County's filing, the

7  challenged ordinance was not enacted by the Santa Clara County Board of Supervisors until June

8  24, 2008.  Declaration of Jennifer Sprinkles in Support of Opposition to Administrative Motion for

9  Expedited Briefing, Para. 7 (Aug. 8, 2008).  Less than a month later, in a filing involving multiple

10  declarations and coordination among several member companies, CRA filed suit and sought a

11  preliminary injunction barring enforcement of the ordinance on grounds of federal and state free

12  speech and preemption.  The time pressure the County complains about is not a result of CRA's

13  strategic delay but a result of the unreasonably short nine-week period that the County allowed

14  before covered restaurants must comply with the challenged ordinance, even though the County

15  knows it takes a substantial amount of time for the restaurants to do all the things that are necessary

16  to comply.  CRA has acted and continues to act with all due haste.

17    <u>The Allegation of Forum Shopping</u>.  The County uses the term "forum shopping" but

18  does not explain the unfair advantage that CRA was somehow seeking by suing the County in its

19  own Superior Court.  Indeed, of the possible venues available to CRA, that one would appear to

20  offer the least advantage to CRA and the most to the County.  The one significant difference is that

21  California state procedure allowed for a hearing on CRA's motion for preliminary injunction on

22  16 court days' notice, as opposed to the federal rule requiring 35 calendar days' notice.  Had CRA

23  filed suit in U.S. District Court, as the County apparently believes it should have, CRA's motion

24  could not have been heard, absent a special schedule, more than a few days before the September 1

25  effective date of the challenged ordinance.  By refusing to briefly stay enforcement of the ordinance

26  (unlike the other two jurisdictions that have faced a similar challenge), by removing the case to

27  federal court on the day before its opposition to CRA's preliminary injunction motion was due, and

28

- 1 -

by then refusing to agree to an expedited briefing schedule in federal court, the County, and not CRA, is the appropriate target of scrutiny.

The County complains that is unable to make any decisions or respond to CRA's motion on the schedule that the Superior Court rules would have required because key personnel are on vacation or not meeting.  These are excuses, not reasons, and they do not justify denying CRA a hearing on its federal and state constitutional claims before the ordinance goes into effect.

Respectfully submitted,                                    ARNOLD & PORTER LLP

Dated:  August 8, 2008


                                                           By:    _____/s/_____
                                                                  Trenton H. Norris
                                                                  Attorneys for Plaintiff
                                                                  CALIFORNIA RESTAURANT
                                                                  ASSOCIATION